**FILED**

MAR 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Charles Radcliffe
8681 E Duke Place
Denver, CO 80231

   Plaintiff(s),

  v.

United States Government

   Defendant.

Case: 1:07-cv-00586
Assigned To : Friedman, Paul L.
Assign. Date : 03/26/2007
Description: RADCLIFFE v. USA

**VERIFIED COMPLAINT, PETITION, AND CLAIM
FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,**

**I
INTRODUCTION**

COME(S) NOW Charles Radcliffe , and for cause(s) of action, aver(s):

**I. PARTIES**

A. Plaintiff(s), is/are (a) Citizen(s) of Colorado.

B. Defendant is the UNITED STATES OF AMERICA.

**II. JURISDICTION**

A. This Court has jurisdiction pursuant to:

1. Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

as amended;

2. Plaintiff's standing and this court's subject matter jurisdiction over plaintiff's

complaint are established pursuant to the IRS' denial of plaintiff's administrative claim. (See ¶ IV below). Such denial constitutes an express waiver of defendants' sovereign immunity and a specific invitation for plaintiff to bring this action pursuant to 26 U.S.C. §7433.

III.    **VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

**IV EXHAUSTION REQUIREMENT**

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 11, Area Director Denver, 600 17th Street, Denver, CO 80202-2490, Attn: Compliance Technical Support Manager, received by the IRS on August 21, 2006, Cert. Mail #70060810000459446185. More than 6 months have passed and plaintiff has not received a response. Therefore the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim

meets all requirements of the regulation[1].  Thus. Plaintiff's standing and this court's subject

matter jurisdiction over plaintiff's complaint are established pursuant to the IRS' denial of

plaintiff's administrative claim.  Such denial constitutes an express waiver of defendants'

sovereign immunity and a specific invitation for plaintiff to bring this action pursuant to 26

U.S.C. §7433.

## V.   ALLEGATIONS[2]

On or about 1993 the  IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action.  Plaintiff(s) believe that

notwithstanding the filing of this suit the IRS will continue such collection action and may

retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to

support a 7433 claim.

COUNT 1

On or about 1993 the IRS began tax collection action against plaintiff(s).  Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section

---

[1] Pursuant to the aforementioned Verified Administrative Claim plaintiff(s) has/have exhausted all available administrative remedies and is/are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

6001, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Plaintiff, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify plaintiff, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal

Revenue Code for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliffe , as authorized *if* a "...person shall fail to make a return required..." for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with

the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27

CFR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which

Internal Revenue Code section 6020 provides authority, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to

prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliffe for

each and every year beginning with 1993 and continuing to the date of the filing of this

action;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with

the aforementioned collection actions the IRS disregarded Federal Tax Regulations in 27

CFR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which

Internal Revenue Code section 6020 provides authority, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to

prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliffe for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CFR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliffe for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Charles Radcliffe  for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6103, subsection (c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to plaintiff or plaintiff's representative

upon request for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Plaintiff(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 USC § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 USC § 405(c)(2)(B)(i)(II) effectively creating, in Plaintiff(s), a false status of "alien" and/or "applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by plaintiff(s) for each and every year beginning with 1993 and continuing to the date of the filing of this action

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years plaintiff(s) allegedly owe(s), within the time and mode set forth by the secretary for each and every year beginning with 1993 and continuing to the date of the filing of this action

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name ofCharles Radcliffe   for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions

of Internal Revenue Code section 6203, with intent to defeat the application thereof:
defendant, through principals, officers, agents, and/or employees of Internal Revenue
Service, purported to be a component of the Department of Treasury, failed to execute,
i.e., sign record(s) of assessment, which include(s),

(1)     identification of the taxpayer;

(2)     character of liability assessed;

(3)     taxable period, if applicable; and,

(4)     amount of assessment,

for each and every year beginning with 1993 and continuing to the date of the filing
of this action;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s).   In
connection with the aforementioned collection actions the IRS disregarded Internal
Revenue Code section 6203,with intent to defeat the application thereof: defendant,
through principals, officers, agents, and/or employees of Internal Revenue Service,
purported to be a component of the Department of Treasury, failed to furnish Plaintiff
copies of assessments with supporting lists "filed in the Office of the Secretary" upon
request for each and every year beginning with 1993 and continuing to the date of the filing

of this action;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Plaintiff copies of signed records of assessment with supporting lists upon request for each and every year beginning with 1993 and continuing to the date of the filing of this action

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send plaintiff(s) a notice of deficiency (90 day letter) for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says plaintiff(s) owe(s) for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to include in each notice imposing a penalty (1) the name of the

penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the

penalty for each and every year beginning with 1993 and continuing to the date of the filing

of this action

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with

the aforementioned collection actions the IRS disregarded 26 U.S.C. §6751(b)(1), with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to verify that a supervisor had personally approved, in

writing, each initial penalty determination for each and every year beginning with 1993 and

continuing to the date of the filing of this action;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(c), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for each and every year beginning with 1993 and continuing to the date of the filing of this action

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with

intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 27

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each

and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded section 6751(b)(1) of the

Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 30

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 31

On or about 1993 the IRS began tax collection action against plaintiff(s). In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C.

§6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 33

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado for each and every year beginning with 1993 and continuing to the date of the filing of this action;

## IV

## REMEDY SOUGHT

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _Marb 22_____, 2007

_Charles Radcliffe_

Charles Radcliffe

## Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Charles Radcliffe, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Colorado

PAMELA LAVIGNA
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires Jan 7, 20..

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

F PLT

## I (a) PLAINTIFFS

Charles Radcliffe

## DEFENDANTS

United States Government

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Denver
(EXCEPT IN U.S. PLAINTIFF CASES)  88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles Radcliffe
8681 E Duke Place
Denver, CO 80231
303-695-7697

ATTORNEYS (IF KNOWN)

Jeffery
United
District
5808A
555 Fo
NW Wa

Case: 1:07-cv-00586
Assigned To : Friedman, Paul L.
Assign. Date : 03/26/2007
Description: RADCLIFFE v. USA

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

Court Name: District of Columbia
Division: 1
Receipt Number: 4615003171
Cashier ID: dcallis
Transaction Date: 03/27/2007
Payer Name: CHARLES RADCLIFF

CIVIL FILING FEE
For: CHARLES RADCLIFF
Amount:      $350.00

MONEY ORDER
Check/Money Order Num: 11008091474
Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-0586

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.

**OR**  ◉ **F. Pro Se General Civil**

peal 28 USC 158
thdrawal 28 USC 157

titions
ath Penalty
andamus & Other
vil Rights
ison Condition

ights
pyrights
tent
ademark

x Suits
xes (US plaintiff or
.S-Third Party 26
SC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**O G. *Habeas Corpus/ 2255***

☐ 530 Habeas Corpus-General
☐ 510 Motion/Vacate Sentence

**O H. *Employment Discrimination***

☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**O I. *FOIA/PRIVACY ACT***

☐ 895 Freedom of Information Act
☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**O J. *Student Loan***

☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

**O K. *Labor/ERISA (non-employment)***

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Labor Railway Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**O L. *Other Civil Rights (non-employment)***

☐ 441 Voting (if not Voting Rights Act)
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 American w/Disabilities-Employment
☐ 446 Americans w/Disabilities-Other

**O M. *Contract***

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholder's Suits
☐ 190 Other Contracts
☐ 195 Contract Product Liability
☐ 196 Franchise

**O N. *Three-Judge Court***

☐ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

◉ 1 Original Proceeding　O 2 Removed from State Court　O 3 Remanded from Appellate Court　O 4 Reinstated or Reopened　O 5 Transferred from another district (specify)　O 6 Multi district Litigation　O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Verified claim for damages pursuant 26 USC 7433

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23　**DEMAND $** ______ Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** March 22, 2007 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

3/26/07　JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.