IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-cv-00586 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS**

Defendant, the United States,  moves pursuant to Under Fed. R. Civ. P. 12(b)(1)

and (6) to dismiss plaintiff's 33-count complaint.  As grounds for this motion, the

defendant asserts that this Court lacks subject-matter jurisdiction over plaintiff's

unauthorized collection claim since plaintiff's complaint appears to be challenging the

underlying tax liability rather than any unauthorized collection.  The United States has

not waived its sovereign immunity over such damage claims.   Further, plaintiff has

failed to state an unauthorized collection claim.  Finally, plaintiff seeks relief pursuant

to a criminal statute and the Court lacks jurisdiction over that claim.

A supporting memorandum of law and proposed order are filed with this

motion.

DATED: June 4, 2007.                    Respectfully submitted,

                                        /s/ Beatriz T. Saiz
                                        BEATRIZ T. SAIZ
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 227
                                        Ben Franklin Station
                                        Washington, DC 20044
                                        Phone/Fax: (202) 307-6585/514-6866
                                        Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHARLES RADCLIFFE,        )
                            )
        Plaintiff,        )  No. 1:07-cv-00586 (PLF)
                            )
        v.               )
                            )
UNITED STATES,        )
                            )
        Defendant.     )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

Plaintiff filed a 33-count complaint which should be dismissed on various grounds. Plaintiff seeks damages for alleged unauthorized collection actions by the employees of the Internal Revenue Service. For the reasons set forth below, the Court cannot grant the requested relief.

This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages against the United States (Compl. Remedy Sought ¶ 1). This Court does not have jurisdiction over plaintiff's section 7433 claim because plaintiff's claim is merely an improper attempt to challenge the underlying tax liability.

The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal

Revenue Code (26 U.S.C.) provides that a taxpayer may seek damages against the

United States if in connection with the collection of Federal tax an officer or employee of

the Internal Revenue Service recklessly or intentionally, or by reason of negligence

disregards any provision or regulation of the Internal Revenue Code.  Thus, Section

7433 is limited to collection of the tax.

Plaintiff attempts to challenge the merits of the underlying tax liability under the

guise of an unauthorized collection claim.  His unauthorized collection claim is based

on the belief that the assessment of any tax was improper.  Thus, regardless of whether

the examination or assessment was belated or improper, against all procedural and

substantive safeguards, and without affording plaintiff due process of law, these

allegations are insufficient to sustain an action under 26 U.S.C. § 7433.  See Arnett v.

United States, 889 F. Supp. 1424, 1430 (D.  Kan. 1995) (actions taken during assessment

of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section

7433); Sylvester v. United States, 978 F. Supp. 1186 (E.D. Wis. 1997) (allegation that IRS

incorrectly computed Section 6672 liability was an error in assessment and not

collection and therefore irrelevant to Section 7433 claim); Zolman v. IRS, 87 F. Supp. 2d

763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without

more, is insufficient for Section 7433 claim).

Because the United States has not consented to be sued with respect to challenges

of the underlying liability, plaintiff's challenge should be dismissed.

<u>Plaintiff Has Failed to State a Damages Claim</u>

Plaintiff's complaint is legally insufficient and should be dismissed under Fed. R.

Civ. P. 12(b)(6).  Plaintiff purports to state a claim for damages.  Plaintiff's complaint is

legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Section 7433

permits a taxpayer to bring a civil action for damages against the government "[i]f, in

connection with the collection of federal tax with respect to a taxpayer, any officer or

employee of the Internal Revenue Service recklessly or intentionally disregards any

provision of the [Internal Revenue Code] or any regulation promulgated" thereunder.

26 U.S.C. § 7433.  Under Rule 8(a), a complaint need only contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

But, here, there are no facts in the plaintiff's complaint to support a claim for damages,

and thus, this Court should conclude that he has not in fact stated such a claim.  <u>See</u> <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007).  For example, plaintiff does

not describe the injuries he allegedly incurred.  In fact, no facts are alleged which

establish that "any officer or employee of the [IRS] recklessly or intentionally

disregard[ed] any provision of the [Code]."  26 U.S.C. § 7433.  Because plaintiff has

failed to state a claim upon which relief can be granted, this Court should dismiss this

case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiff's  Claim</u>
<u>under Section 7214 of the Internal Revenue Code.</u>

The Court lacks jurisdiction over plaintiff's claim pursuant to 26 U.S.C. § 7214.

Plaintiff asserts that the allegations of the complaint support a separate cause of action

pursuant to section 7214.  (Compl.  Remedy Sought ¶ 1.)  Section 7214 (a) provides for

dismissal from office and criminal penalties upon conviction and a fine of not more than

$10,000.00 or imprisonment for up to five years, or both.  However, section 7214

provides no private cause of action to plaintiff against the United States.1/  See United

States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C.

¶ 50,252 (D. Ariz. 2005).  Further, the United States has not waived its sovereign

immunity to permit plaintiff to invoke the Court's jurisdiction under section 7214.  See

Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990).  Accordingly, this causes

of action should be dismissed.

---

1/ Following a criminal conviction of a revenue employee, damages may be
recoverable by the victim.  See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996):
Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978).

CONCLUSION

In sum, for the following reasons the Court should dismiss this action.  This

Court does not have subject-matter jurisdiction over plaintiff's unauthorized collection

claim.  Finally, plaintiff has failed to state a claim for damages.


DATED: June 4, 2007.                        Respectfully submitted,

                                            /s/ Beatriz T. Saiz
                                            BEATRIZ T. SAIZ
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Ben Franklin Station
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6585/514-6866
                                            Email: Beatriz T.Saiz@usdoj.gov


OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-cv-00586 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting

memorandum of points and authorities, any opposition and reply thereto, and the

entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED;  and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed

below.

SO ORDERED this ____day of _____2007.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division_____
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

CHARLES RADCLIFFE
8681 E. Duke Place
Denver, CO 80231

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHARLES RADCLIFFE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-cv-00586 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

supporting MEMORANDUM,  and proposed ORDER were served upon the following

individual(s) on June 4, 2007, by sending a copy by First Class mail, postage prepaid,

addressed as follows:


Charles Radcliffe
8681 E. Duke Place
Denver, CO 80231


/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ