**RECEIVED**

JUN 0 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Charles Radcliffe
8681 E Duke Place
Denver, CO 80231

Case No.   1:07-cv-00586  *RJL*

Plaintiff,          Jury Trial Demanded

v.

United States Government

Defendant.

---

## AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM
## FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COMES NOW Charles Radcliffe, and for cause of action, avers:

I.     **PARTIES**

A.     Plaintiff is  a Citizen of Colorado.

B.     Defendant is the UNITED STATES OF AMERICA.

### II.

### JURISDICTION

A. This Court has jurisdiction pursuant to:
1. Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

---

as amended;

## III.

## VENUE

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV

## EXHAUSTION REQUIREMENT

Plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 11, Area Director Denver, 600 17th Street, Denver, CO 80202-2490, attention: Compliance Technical Support Manager, received by the IRS on August 21, 2006, Cert. Mail #.70060810000459446185. More than 6 months have passed and plaintiff has not received a response. Therefore, the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[1].

---

[1] 26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating this action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

## V.

## ALLEGATIONS[2]

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. Plaintiff(s) believe that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important  (hereinafter attachment 1)In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the  attached Letters titled Important ;

---

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned Attached Letters titled Important the IRS  disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the  attached Letters titled Important;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the   attached Letters titled Important . In connection with  the issuance of the

aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the  attached Letters titled Important

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Letters titled Important;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Letters titled Important; COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof:

defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Letters titled Important;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Letters titled Important;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the

aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Letters titled Important;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.      aliens, *see* 42 U.S.C. § 405(c)(2)(B)(l)(l); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(I)(II)

effectively creating, in Petitioner(s), a false status of "alien" and/or

"applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Letters titled Important. In connection with the issuance of the

aforementioned attached Letters titled Important the IRS disregarded Internal Revenue

Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the

face of the attached Letters titled Important;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Letters titled Important. In connection with the issuance of the

aforementioned attached Letters titled Important the IRS disregarded 26 U.S.A. §

6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Letters titled Important;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Charles Radcliff  for the years identified on the face of the attached Letters titled Important;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment,

for the years identified on the face of the attached Letters titled Important;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Letters titled Important;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Letters titled Important;

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Letters titled Important;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Letters titled Important;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Letters titled Important;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Letters titled

Important;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Letters titled Important;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Letters titled Important;

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Letters titled Important;

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §7491(b),

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Letters titled Important;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attacked Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Letters titled Important;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Letters titled Important;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Letters titled Important;

COUNT 27

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Letters titled Important; COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Letters titled Important;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Letters titled Important;

COUNT 29

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached   Letters titled Important the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-

binding mediation before issuing a notice of lien and/or levy and/or other agency action for

the years identified on the face of the attached    Letters titled Important;

COUNT 30

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached    Letters titled Important. In connection with the issuance of the

aforementioned attached Letters titled Important the IRS disregarded 26 U.S.C. §6501(a),

with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation

before issuing a notice of lien and/or levy and/or other agency action for the years identified

on the face of the attached Letters titled Important;

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Letters titled Important. In connection with the issuance of the

aforementioned attached Letters titled Important the IRS disregarded Internal Revenue

Code section 6322, with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to

be a component of the Department of Treasury, asserted liens for which no assessment

was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Letters titled Important;

COUNT 32

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Letters titled Important. In connection with the issuance of the aforementioned attached Letters titled Important the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado for the years identified on the face of the attached Letters titled Important;

COUNT 33

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien (hereinafter attached 2) In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached Notices of Federal Tax Liens;

COUNT 34

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 35

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff , as authorized *if* a "...person shall fail to make a return required..." for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 36

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 37

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 38

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the Attached Notices of Federal Tax Lien;

COUNT 39

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the

face of the Attached Notices of Federal Tax Lien;

COUNT 40

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 41

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.  aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.  applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 42

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 43

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 44

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Charles Radcliff for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 45

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

   (1)    identification of the taxpayer;

   (2)    character of liability assessed;

   (3)    taxable period, if applicable; and,

   (4)    amount of assessment,

for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 46

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Notices of Federal Tax Lien; COUNT 47

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 48

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 49

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 50

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 51

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the

aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(a), with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to include in each notice imposing a penalty (1) the

name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual

computation of the penalty for the years identified on the face of the attached Notices of

Federal Tax Lien;

COUNT 52

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the

aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(b)(1), with

intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to verify that a supervisor had personally approved, in

writing, each initial penalty determination for the years identified on the face of the attached

Notices of Federal Tax Lien;

COUNT 53

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 54

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of

Federal Tax Lien;

COUNT 55

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 56

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 57

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 58

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal

Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the Attached Notices of Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 60

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 61

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 62

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 63

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 64

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 65

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent (hereinafter attached 3) In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make

statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 66

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 67

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent . In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff , as authorized *if* a "...person shall fail to make a return required..." for the years identified on the face of the attached letters titled Urgent;

COUNT 68

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for

the years identified on the face of the attached letters titled Urgent;

COUNT 69

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached letters titled Urgent;

COUNT 70

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section

7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the face of the attached letters titled Urgent;

1 COUNT 71    All previous counts set forth above, are realleged and incorporated as if fully
2 set forth herein.

3       The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
4 of the attached Letters titled Urgent . In connection with the issuance of the
5 aforementioned attached Letters titled Urgent the IRS disregarded Internal Revenue Code
6 section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant,
7 through principals, officers, agents, and/or employees of Internal Revenue Service,
8 purported to be a component of the Department of Treasury, failed to execute any
9 Substitute(s) for Return(s) in the name of Charles Radcliff for the years identified on the
10 face of the attached letters titled Urgent;

11 COUNT 72

12       All previous counts set forth above, are realleged and incorporated as if fully set
13 forth herein;

        The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6103,

subsection ©, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for

Return(s), and return information to Petitioner or Petitioner's representative upon request

for the years identified on the face of the attached letters titled Urgent;

COUNT 73

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6109,

subsection (d) with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, forced Petitioner(s) into the use of a "social

security account number issued to an individual for purposes of section 205(c)(2)(A) of the

Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II)

effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 74

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 75

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Urgent;

COUNT 76

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Charles Radcliff  for the years identified on the face of the attached letters titled Urgent;

COUNT 77

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

      (1)     identification of the taxpayer;

      (2)     character of liability assessed;

      (3)     taxable period, if applicable; and,

      (4)     amount of assessment,

for the years identified on the face of the Attached Letters titled Urgent

COUNT 78

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting

lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 79

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 80

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by neglecting to assess taxes owed within three years for the years identified on the face

of the attached letters titled Urgent;

COUNT 81

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Internal Revenue Code section §6212

with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter)

for each of the aforementioned years for the years identified on the face of the attached

letters titled Urgent;

COUNT 82

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to suspend interest and penalties for reason that respondent has not specifically

stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s)

for the years identified on the face of the attached letters titled Urgent;

COUNT 83

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the

Code section authorizing the penalty, and (3) an actual computation of the penalty for the

years identified on the face of the attached letters titled Urgent;

COUNT 84

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 85

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached letters titled Urgent;

COUNT 86

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 87

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 88

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 89

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of and/or Lenient/or other agency action for the years identified on the face of the

attached letters titled Urgent;

COUNT 90

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached letters titled Urgent;

COUNT 91

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with

subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Urgent;

Count 92.

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Urgent;

COUNT 93

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to

verify that a supervisor had personally approved, in writing, the initial penalty determination

for the years identified on the face of the attached letters titled Urgent;

COUNT 94

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to

defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department

of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a

notice of lien and/or Lenient/or other agency action for the years identified on the face of

the attached letters titled Urgent;

COUNT 95

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 96

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Urgent;

COUNT 97

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6323,

subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado for the years identified on the face of the attached Final Notice;

IV

**REMEDY SOUGHT**

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount equal to the fine imposed in Internal Revenue Code section 7214(a) for each disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per disregard or in the alternative one and one half times the statutory allowance as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _____, 2007

_____
Charles Radcliffe

_____

Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Charles Radcliffe,  known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Colorado

TERRI TRAMONTANO
Notary Public
State of Colorado

# ATTACHMENT

# 1

# LETTERS TITLED IMPORTANT

**IRS** Department of the Treasury
Internal Revenue Service
OGDEN, UT  84201-0030

000647      199312 WI
Notice Number: CP 503
Notice Date:  02-07-2005
**SSN/EIN:**  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
**Caller ID:** 209938

030604.177451.0128.004 1 AT 0.292 780

CHARLES A RADCLIFFE
% 2ND JUDICIAL DISTRICT
8681 E DUKE PL
DENVER  CO  80231-4545819

*524726416101*

# IMPORTANT
### Immediate action is required.

We previously wrote to you about your unpaid account, but you haven't contacted us about it.  Penalties and interest on the unpaid balance are continuing to increase.  Please pay the amount you owe within ten days from the date of this notice.  If you can't pay now, call us at the number shown below.  You may be qualified for an installment agreement or payroll deduction agreement.  We want to help you resolve this bill.  However, if we don't hear from you, we will have no choice but to proceed with steps required to collect the amount you owe.
**If you already paid your balance in full or arranged for an installment agreement, please disregard this notice**

### Account Summary

| Form  1040A | Tax Period: 12-31-1993 |
|---|---|

**Current Balance:**    $89,850.65
Includes:
  Penalty:          $7,191.50
  Interest:        $28,303.96
  Last Payment:        $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

✂ Questions?  call us at **1-800-829-0922**

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 503
Notice Date: 02-07-2005

*write on your check:*

| 1040A | 12-31-1993 | 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 |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due:
    $89,850.65

Internal Revenue Service
OGDEN, UT  84201-0030

CHARLES A RADCLIFFE
% 2ND JUDICIAL DISTRICT
8681 E DUKE PL
DENVER  CO  80231-4545819

524726416 SF RADC 30 0 199312 670 00008985065

# ATTACHMENT

# 2

# LIEN

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #11
Lien Unit Phone:   (303) 446-1447

Serial Number

211065205

For Optional Use by Recording Office

- This Notice of Federal Tax Lien has been filed as a matter of public record.

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- IRS will continue to charge penalty and interest until you satisfy the amount you owe.

- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

Name of Taxpayer
    CHARLES A RADCLIFFE
    % 2ND JUDICIAL DISTRICT

- See the back of this page for an explanation of your Administrative Appeal rights.

Residence
    8681 EAST DUKE PLACE
    DENVER, CO 80231

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | 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 | 10/05/1998 | 11/04/2008 | 54355.19 |

Place of Filing

    SECRETARY OF STATE
    STATE OF COLORADO
    DENVER, CO 80202

| Total | 54355.19 |
|---|---|

This notice was prepared and signed at _____ DENVER, CO _____, on this.

the 26th _ day of _ January _____ 2005 _.

| Signature | Title |
|---|---|
| *C Sherwood* | REVENUE OFFICER    31-10-4668 |
| for MIKE PRYOR | (303) 231-5270 x2290 |

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

CAT. N. 60026X
Form **668 (Y)(c)** (Rev. 02-04)

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6 (800) 913-6050 | Serial Number 272034006 | For Optional Use by Recording Office |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer
CHARLES A RADCLIFFE

002220

Residence
8681 EAST DUKE PLACE
DENVER, CO 80231

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 6702 | 12/31/1993 | 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 | 05/16/2005 | 06/15/2015 | 500.00 |

| Place of Filing CLERK AND RECORDER DENVER COUNTY DENVER, CO 80202 | Total | 500.00 |

This notice was prepared and signed at _____ DENVER, CO _____, on this,

the _01st_ day of _February_ , _2006_ .

| Signature
*Susan A. Hensen*
for GINGER L WRAY | Title REVENUE OFFICER (303) 969-6871 | 26-10-4672 |

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60025X
Form **668 (Y)(c)** (Rev. 02-04)

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #6<br>(800) 913-6050 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

272034106

**Area:** SMALL BUSINESS/SELF EMPLOYED AREA #6 (800) 913-6050

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

For Optional Use by Recording Office

● This Notice of Federal Tax Lien has been filed as a matter of public record.

● IRS will continue to charge penalty and interest until you satisfy the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

● See the back of this page for an explanation of your Administrative Appeal rights.



002220

Name of Taxpayer
  CHARLES A RADCLIFFE

Residence
  8681 EAST DUKE PLACE
  DENVER, CO 80231

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 6702 | 12/31/1993 | 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 | 05/16/2005 | 06/15/2015 | 500.00 |

| Place of Filing | | |
|---|---|---|
| SECRETARY OF STATE<br>STATE OF COLORADO<br>DENVER, CO 80202 | Total | 500.00 |

This notice was prepared and signed at ____DENVER, CO____ , on this,

the __01st__ day of __February__ , __2006__ .

| Signature<br>*Susan A. Hansen*<br>for GINGER L WRAY | Title<br>REVENUE OFFICER    26-10-4672<br>(303) 969-6871 |
|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**Part 3 - Taxpayer's Copy**

CAT. NO 60025X
Form **668 (Y)(c)** (Rev. 02-04)

| **Form 668 (Y)(c)** | 1872 | Department of the Treasury - Internal Revenue Service |
|---|---|---|
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #11 Lien Unit Phone: (303) 446-1447 | Serial Number 211065105 | For Optional Use by Recording Office |
|---|---|---|

● This Notice of Federal Tax Lien has been filed as a matter of public record.

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

● IRS will continue to charge penalty and interest until you satisfy the amount you owe.

● Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.

Name of Taxpayer
CHARLES A RADCLIFFE
% 2ND JUDICIAL DISTRICT

● See the back of this page for an explanation of your Administrative Appeal rights.

Residence
8681 EAST DUKE PLACE
DENVER, CO 80231

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | 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 | 10/05/1998 | 11/04/2008 | 54355.19 |

| Place of Filing | | |
|---|---|---|
| CLERK AND RECORDER DENVER COUNTY DENVER, CO 80202 | Total | 54355.19 |

This notice was prepared and signed at _____ DENVER, CO _____ , on this,

the _26th_ day of __January__ , __2005__ .

| Signature *Sherwood* for MIKE PRYOR | Title REVENUE OFFICER (303) 231-5270 x2290 | 31-10-4668 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971-2 C.B. 409)

Part 3 - Taxpayer's Copy

CAT NO 60025X
Form 668 (Y)(c) (Rev. 02-04)

# ATTACHMENT

# 3

# URGENT

 **IRS** Department of the Treasury
**Internal Revenue Service**
OGDEN, UT 84201-0025

Notice Number: CP 504
Notice Date: 04-02-2007

**SSN/EIN:** 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
**Caller ID:** 820675

7178 2665 9398 8577 6059



CHARLES A RADCLIFFE
8681 E DUKE PL
DENVER CO 80231-4545819



*524726416101*

015096

# <u>Urgent !!</u>

## We intend to levy on certain assets. Please respond NOW.
(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

### Account Summary

| Form: CIVPEN | Tax Period: 12-31-2005 |
|---|---|
| **Current Balance:** | $503.85 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $3.85 |
| Last Payment: | $0.00 |

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at **1-800-829-0922**

See the enclosed Publication 594, *The IRS Collection Process*, and Notice 1219B, *Notice of Potential Third Party Contact* for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 04-02-2007

*write on your check:*

| CIVPEN | 12-31-2005 | 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 |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due:
$503.85

Internal Revenue Service
OGDEN, UT 84201-0025

CHARLES A RADCLIFFE
8681 E DUKE PL
DENVER CO 80231-4545819

524726416 SF RADC 55 0 200512 670 00000050385

 **IRS** Department of the Treasury
**Internal Revenue Service**
OGDEN, UT 84201-0025

Notice Number: CP 504
Notice Date: 05-21-2007

**SSN/EIN:** 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
**Caller ID:** 820675

7178 2665 9398 8859 8757



CHARLES A RADCLIFFE
8681 E DUKE PL
DENVER   CO   80231-4545819



*524726416101*

026130

## <u>Urgent !!</u>

### We intend to levy on certain assets. Please respond NOW.

(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

### Account Summary

| Form: 1040 | Tax Period: 12-31-2005 |
|---|---|

| | |
|---|---|
| **Current Balance:** | $667.19 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $5.10 |
| Last Payment: | $0.00 |

> For information on your penalty & interest computations, you may call 1-800-829-0922

Questions?  Call us at **1-800-829-0922**

See the enclosed Publication 594, *The IRS Collection Process,* and Notice 1219B, *Notice of Potential Third Party Contact* for additional information.

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 05-21-2007

*write on your check:*

| 1040 | 12-31-2005 | 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 |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

| Amount Due: |
|---|
| $667.19 |

Internal Revenue Service
OGDEN, UT 84201-0025

CHARLES A RADCLIFFE
8681 E DUKE PL
DENVER   CO   80231-4545819

524726416 SF RADC 30 0 200512 670 0000066719

# CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing amended
complaint on defendant's attorney at his/her address of record.
Dated _____ , 2007

_____
Charles Radcliffe

Charles Radcliffe v. United States.        page 66 of 66    26 U.S.C. §7433 Amended Complaint