**RECEIVED**

JUL 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## IN THE DISTRICT OF COLUMBIA

Charles Radcliffe,
8681 E Duke Place,
303-695-7697

Case No. 1:~~07cv0586(RS)~~

*1:07 cv 00586 (RJL)*

Plaintiff(s),

v.

United States

Defendant.

### RESPONSE TO UNITED STATES' REPLY
### AND
### REQUEST FOR LEAVE TO AMEND COMPLAINT

#### I
#### INTRODUCTION

1.    Plaintiff(s) has/have determined that responsibility for the Court's and defendant's

confusion as to the proper venue for the matters at bar is due to inarticulate

pleading on the part of Plaintiff(s), and  respectfully requests leave to amend..

Although Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before

a responsive pleading is served[1], Plaintiff(s) in the above-captioned case

nonetheless requests the Court grant leave to amend, which "shall be freely given

when justice so requires".  Rule 15(a), Federal Rules of Civil Procedure.

#### II

---

[1]Rule 15. Amended and Supplemental Pleadings
(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading
is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial
calendar, the party may so amend it at any time within 20 days after it is served. A party shall plead in response to an amended
pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading,
whichever period may be the longer, unless the court otherwise orders.

## PLAINTIFF(S) SEEK(S) FINDINGS AS TO UNAUTHORIZED COLLECTION ACTIVITY

2.   In seeking, as a part of the remedy, return of amounts unlawfully collected without assessment, Plaintiff(s) have/has apparently clouded the issues in the above-captioned action. Plaintiff(s) seek(s) no refund in this action. Indeed, Plaintiff (s) is/are of the belief that "refund" is a matter not yet ripe for adjudication, as explained below.

3.   Plaintiff(s) seek(s) only a determination as to whether officers or employees of defendant's agent disregarded provisions of the Internal Revenue Code or regulations promulgated thereunder in connection with collection activity. Specifically, Plaintiff'(s) allegations include, but are not limited to, officers or employees of defendant's agent engaging in "collection" activity in the absence of a valid, properly executed Certificate of Assessment; "exaction…in the guise of a tax." See: Enochs V. Williams Packing Co., 370 U.S. 1 (1962). If, upon evidence, the Court finds that such unauthorized collection actions were committed, damages — authorized by Congress — may then be determined; tort damages are in no sense a "refund".

3.   Alternatively, if the Court finds that no provisions of the Internal Revenue Code or regulations promulgated thereunder were disregarded, then "refund" becomes the justiciable  issue, and the proper venue for such "refund" action may then be determined.

III.

## VENUE IS PROPER BECAUSE ACT OF ASSESSMENT OCCURS IN THE DISTRICT

## OF COLUMBIA

4.   Internal Revenue Code section 6203 specifies that "assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary." and "upon request of the taxpayer the Secretary shall furnish a copy of the assessment records to the taxpayer." Plaintiff(s) have so requested, the secretary has failed/refused to comply.

5.   The District of Columbia is the permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, 61 Stat. 643. "The Office of the Secretary" is required to be exercised in the seat of government, pursuant to Title 4, United States Code, § 72, 61 Stat. 643, and is addressed at 1500 Pennsylvania. Ave. N.W., Washington D.C. 20224.

6.   Venue, for purposes of seeking judicial determination with respect to the matters presently before the Court, is proper in the District of Columbia.

IV

**AMENDMENT OF COMPLAINT REMOVES BASIS FOR CONFUSION**

7.   Plaintiff(s) have/has amended the Complaint in the above-captioned action, removing any reference to "refunds and injunctive relief", and apologizes for confusing the Court and defendant. (copy attached)

WHEREFORE, Plaintiff(s) request(s) the Court grant leave to file the Amended Complaint, lodged herewith.

Dated: _____, 2006

_____
Charles Radcliffe

AFFIDAVIT

Affiant , Charles Radcliffe,  is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.  It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by  recording an assessment of the taxes affiant allegedly owes;

5.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.  Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.  Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.  Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.  Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10. To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

11. Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13. Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS.  Affiant received no response.

14. Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15. The IRS has sent numerous letters to the plaintiff each alleging a different amount in dispute.

15. Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16.    Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: _____, 2005                    N/A
_____                                 _____
Charles Radcliffe                               Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of Colorado, personally appeared, Charles Radcliffe, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Colorado

TERRI TRAMONTANO
Notary Public
State of Colorado

My Commission expires
12/09/2010

CERTIFICATE OF SERVICE

    I certify that I have served a copy of the forgoing and a copy of the amended complaint on defendant's attorney at his address of record.

Dated _____, 200_

_____
Charles Radcliffe

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Charles Radcliffe

　　　　　Plaintiff(s),

v.

United States Government

　　　　　　　Defendant.

Case No. 1:07-cv-0586

Jury Trial Demanded

## 2nd AMENDED VERIFIED COMPLAINT, PETITION, AND CLAIM FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,

### I
### INTRODUCTION

COME(S) NOW Charles Radcliffe , and for cause(s) of action, aver(s):

**I. PARTIES**

　　A.　　Plaintiff(s), is/are (a) Citizen(s) of Colorado.

　　B.　　Defendant is the UNITED STATES OF AMERICA.

**II. JURISDICTION**

　　A.　　This Court has jurisdiction pursuant to:

　　　　1.　　Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747, as amended;

**III. VENUE**

　　A.　　Venue is proper in the District of Columbia, (26 USC §7433), as the

permanent seat of government of the United States pursuant to Title 4, United States Code, § 71, <u>61 Stat. 643</u>, wherein the offices of government are required to be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.      "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave. N.W., Washington D.C.

## IV EXHAUSTION REQUIREMENT

As previously stated plaintiff has exhausted all available administrative remedies by sending a Verified Administrative Claim to the Internal Revenue Service, Area 11, Area Director Denver, 600 17th Street, Denver, CO 80202-2490, attention: Compliance Technical Support Manager, received by the IRS on August 21, 2006, Cert. Mail #.70060810000459446185.   More than 6 months have passed and plaintiff has not received a response. Therefore, the aforementioned Verified Administrative Claim is deemed denied. The aforementioned claim meets all requirements of the regulation[1]. **V.**

## V ALLEGATIONS[2]

On or about 1993 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action.  Plaintiff(s) believe(s) that

---

[1] 26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating this action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

[2] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to provide plaintiff upon request copies of all assessment records for each and every year beginning with 1993 and continuing to the date of the filing of this action.

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with

the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6303, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, within sixty (60) days after the alleged making of an assessment of a tax pursuant to section 6203,failed to give notice that plaintiff(s) were liable for the unpaid tax, stating the amount and demanding payment thereof;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue section 6304, with the intent to defeat the application thereof, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff(s);

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that

plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, caused to be recorded with the County Recorder/Register of Deeds of Denver, County, State of Colorado (a) Notice(s) of Tax Lien(s)[3];

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993 In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, wrongfully disclosed, through the public record, tax return information, such as name, address, city, state, social security number, amount of

---

[3] *Tomlinson v. United States*, 1991 WL 338328, (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of underlying liens and levies is irrelevant), *aff'd* 977 F.2d 591 (9th Cir. 1992); *Flippo v. United States*, 670 F.Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), *aff'd*, 849 F.2d 604 (4th Cir. 1988).

assessment, etc;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

On or about 1993 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, through the aforementioned wrongful disclosure has subjected plaintiff(s) to the real possibility of identity thef;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents,

and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the plaintiff(s) a thirty (30) day notice for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein. Defendant has refused to provide plaintiff(s), upon request, with documents evidencing that defendant has complied with the aforementioned statute/regulation;

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for each of the aforementioned years for each and every year beginning with 1993 and continuing to the date of the filing of this action;

COUNT 9

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for each and every year beginning with 1993 and continuing to the date of the filing of this action; COUNT 10

On or about 1993 the IRS began tax collection action against plaintiff(s).

In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide plaintiff(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for each and every lien/levy filed against plaintiff(s);

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax

collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify the aforementioned notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Colorado.

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

On or about 1993 the IRS began tax collection action against plaintiff(s). Such tax collection action has been continuous to the filing of this action. The IRS alleges that plaintiff(s) owe(s) taxes for each and every year beginning with 1993. In connection with the aforementioned collection actions the IRS disregarded 26 U.S.C. §6314, with intent to defeat the application thereof, defendant through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury. Defendant seized plaintiff's 2005 tax refund and has refused to provide plaintiff(s), with receipts for all sums collected.

IV

**REMEDY SOUGHT**

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount

equal to the fine imposed in Internal Revenue Code section 7214(a) for each

disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per

disregard or in the alternative one and one half times the statutory allowance

as determined by the court; and,

2.    such other and further damages as the court deems just and proper.

Dated: _____, 2007

_____          N/A
Charles Radcliffe                         _____

Acknowledgment

   On the above inscribed date before the undersigned, a Notary Public for the State
of Colorado, personally appeared, Charles Radcliffe,  known to me to be the person(s)
whose name(s) are subscribed to the within instrument, and acknowledged to me that
he/she/they executed the same as his/her/their free act and deed.

_____
Notary, State of Colorado

TERRI TRAMONTANO
Notary Public
State of Colorado

My Commission expires:
12/09/2010

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:

Beatriz T. Saiz
Ben Franklin Station
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated _____, 2007

_____
Charles Radcliffe