UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 6 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CHARLES RADCLIFFE,            )
                              )
      Plaintiff,              )
                              )
v.                            )   No. 07cv586 (RJL)
                              )
UNITED STATES,                )
                              )
      Defendant.              )
_____)

## MEMORANDUM OPINION
(November 2, 2007) [#8, 10]

Charles Radcliffe, *pro se*, has sued the United States pursuant to 26 U.S.C. § 7433 alleging numerous violations of the Internal Revenue Code. Currently before the Court is defendant's motion to dismiss and plaintiff's motion to file a second amended complaint. For the reasons set forth below, defendant's motions is GRANTED and plaintiff's motion is DENIED.

## II. ANALYSIS

### A. DEFENDANT'S MOTION TO DISMISS

Mr. Radcliffe has sued the United States pursuant to the Taxpayers Bill of Rights, 26 U.S.C. § 7433[1], alleging 97 different counts of misconduct by the Internal Revenue

---

[1] Title 26, U.S.C. § 7433 creates a private right of action against the United States if: "in connection with any collection of Federal tax ... any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [that] title." 26 U.S.C. § 7433(a) (2006).

1

Service ("IRS") in connection with a collection action the IRS has been pursuing against him since 1993.[2] The defendant has moved to dismiss the complaint pursuant to Federal Rule 12(b)(6) arguing, *inter alia*, that plaintiff has failed allege sufficient facts to support his claim for damages. Upon review of the record, the Court agrees.

Under Rule 12(b)(6) a court may dismiss a complaint for failure to state a claim upon which relief may be granted if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C.Cir.1997); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). In ruling on a motion to dismiss, the Court will liberally construe the plaintiff's complaint, but will not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276.

In the case at hand, plaintiff's complaint, although lengthy, provides nothing more than a series of bald assertions that agents of the IRS have violated various sections of the Internal Revenue Code. Plaintiff has not explained how the IRS violated the Internal Revenue Code, when these violations allegedly occurred, nor how these violations caused him injury. Although Federal Rule of Civil Procedure 8(a) provides that a complaint need only contain "a short and plain statement of the claim showing that

---

[2] The Court notes that plaintiff's current action is only the most recent challenge of this collection action. *See Radcliffe v. U.S.*, 2007 WL 1141580, slip op., (D.D.C. 2007); *Radcliffe v. U.S.*, 453 F.Supp.2d 101 (D.D.C. 2006).

the pleader is entitled to relief," something more than an unsupported assertion of a violation is needed. Accordingly, the Court will GRANT defendant's motion to dismiss.

## B. PLAINTIFF'S MOTION TO AMEND

In response to the defendant's motion to dismiss, plaintiff has moved for leave to file a second amended complaint. Upon review of the proposed Second Amended Complaint, however, the Court finds that amending the Amended Complaint would be futile.

Under Rule 15(a), "a party may amend the party's pleadings only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Federal Rule of Civil Procedure 15(a). A court may deny a motion to amend, however, if the Court finds, *inter alia*, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996).

In the case at hand, plaintiff's proposed Second Amended Complaint simply pares the number of claims in the Amended Complaint from 97 to 12. Like the Amended Complaint, the Second Amended Complaint offers nothing more than a simple laundry list of alleged violations of the Internal Revenue Code. As before, plaintiff has failed to provide any factual allegations in support of his claims or his alleged injuries. As a result, the Court finds that the Second Amended Complaint would likely fail on a motion to

dismiss and, therefore, the motion to amend would be futile. Accordingly, plaintiff's motion to amend the Amended Complaint will be DENIED.

## III. CONCLUSION

Therefore, for the reasons noted above, defendant's motion to dismiss will be GRANTED and plaintiff's motion to amend the Amended Complaint will be DENIED.

_____
RICHARD J. LEON
United States District Judge